IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| GLORIA K. SLOCUM, § <br> Plaintiff § <br> vs § <br> § CIVIL ACTION NO. 6:19-CV-155-ADA <br> WAL-MART ASSOCIATES, IN. § JURY TRIAL DEMANDED <br> a/k/a WAL-MART SUPER CENTER § <br> a/k/a WAL-MART, § <br> Defendant § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
(In Substitution for Plaintiff's Original Petition after removal from
the 170th District Court of McLennan County, Texas by Defendant)

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now Comes GLORIA K. SLOCUM, Plaintiff, complaining of WAL-MART ASSOCIATES, INC a/k/a WAL-MART SUPERCENTER a/k/a WAL-MART, hereinafter referred to as "Defendant," and for cause of action would show the Court and Jury the following:

**SUMMARY OF THE COMPLAINT**

This is an employment law suit alleging discriminatory discharge of Plaintiff by Defendant based on age and sex discrimination. Plaintiff alleges causes of action under *Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e); the Age Discrimination in Employment Act* (29 U.S.C. § 621); and *Chapter 21 of the Texas Labor Code*. Plaintiff seeks a jury trial to recover damages for back pay, front pay, compensatory damages, punitive damages, liquidated damages, and attorney's fees.

**PARTIES**

1. Plaintiff is an individual. Defendant is an entity doing business in the state of Texas. Defendant was the employer of Plaintiff at all times relevant to this suit. Plaintiff brings this suit

against the entity or entities, which have done business as " Wal-mart Associates, Inc A/k/a Wal-mart Supercenter a/k/a Wal-mart" in Texas and employed, discriminated, and discharged Plaintiff from employment. Therefore, Plaintiff brings this suit against all of entities which employed Plaintiff at the time of any discrimination against her and at the time of termination of her employment.

2. This suit was originally filed in the 170th District Court of McLennan County, Texas. Defendant has been properly served with citation by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140. Defendant has removed this suit to this federal court.

## JURISDICTION & VENUE

3. Defendant alleges that it is a corporation that was incorporated in a state other than the State of Texas. Plaintiff is a legal resident of the state of Texas and the United States of America; therefore, jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332 to the extent Plaintiff asserts claims under the Texas Labor Code.

4. Jurisdiction is also based on a federal question under 28 U.S.C. § 1331 to the extent Plaintiff asserts claims under federal law; i.e., *Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act* (29 U.S.C. § 621)("ADEA")

5. Jurisdiction of Plaintiff's claims under the *Texas Labor Code* is also appropriate under *28 U.S.C. § 1367*, since the state law causes of action are so related to the federal claims in the action within the Court's original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution.

6. At all times relevant to this cause of action, Plaintiff was an "employee" of Defendant and Defendant was an "employer," as these terms are defined under *Title VII*, the *ADEA*, and

*Chapter 21 of the Texas Labor Code*. Plaintiff has exhausted all administrative remedies as required by law and as hereinafter stated.

7. Defendant has a business location in McLennan County, Texas. A substantial portion of the causes of action complained of herein occurred in McLennan County, Texas.

## FACTS

8. Plaintiff began employment with Defendant in February 2003 and worked continuously for Defendant until she was illegally discharged from employment on January 25, 2018.

9. At the time of Plaintiff's discharge from employment her gender/sex was female and her age was sixty-eight (68).

10. Plaintiff worked for Defendant in Defendant's Garden Center Department at its store at 1521 N Interstate 35 Frontage Rd, Bellmead, Texas.

11. Plaintiff was warned in December 2017 that it was rumored that Defendant was going to be getting rid of the older employees.

12. On or about January 24, 2018, Plaintiff utilized Defendant's intercom to request assistance with loading purchases for a customer. Requesting loading assistance is a normal and customary activity for cashiers, such as Plaintiff, in the garden center department.

13. A male co-worker, significantly younger than Plaintiff, responded to the call for assistance, but was rude to Plaintiff and complained to her about his having to assist the customer.

14. On or about January 25, 2018 Plaintiff again utilized Defendant's intercom to request assistance with loading purchases for a customer. The same younger male employee, responded to the request, but initially refused to assist in helping the customer.

15. Plaintiff was concerned that the customer was not going to get the assistance needed, so she started to assist the customer herself. The male employee then engaged Plaintiff in a rude manner, so Plaintiff returned to her register and let that employee finish assisting the customer.

16. The younger male employee, who responded both times to the calls for assistance, complained about Plaintiff to management falsely stating that she had used profanity towards him. Plaintiff does not use profanity and had not used profanity towards any employee of Defendant.

17. Plaintiff was then called into the office by her supervisor and presented with a disciplinary write-up from something that had occurred in November 2017.

18. Defendant had previously discussed the November 2017 issue with Plaintiff, but had not taken any disciplinary action at that time. Plaintiff was also reminded of a counseling from 2016.

19. Defendant used the younger male employee's false allegations and the two old/stale counselings against Plaintiff as a pretext for terminating Plaintiff's employment.

20. The employee who complained about Plaintiff to Plaintiff's supervisor is reported to have bragged to other employees about his role in getting that "old white woman in the garden center" fired.

## CAUSES OF ACTION

VIOLATION OF TITLE VII, the ADEA, & § 21.051 TEXAS LABOR CODE

21. Plaintiff alleges that her age (68) and/or her gender (female) were motivating factors or the cause for her job termination by Defendant, as described in the paragraphs 8-20 above and were in violation of *Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, et seq.)*; *the Age Discrimination in Employment Act* (29 U.S.C. § 621); and *Chapter 21 of the Texas Labor Code § 21.051 et seq.*, all of which provide that it is an unlawful employment practice to terminate or

discriminate against an individual with respect to the compensation or the terms, conditions, or privileges of employment because of sex and/or age, resulting in the damages as hereinafter set forth.

22. All of the foregoing alleged actions of Defendant resulted in damages to Plaintiff as described below. Plaintiff hereby invokes the authority, protection, and remedies of the statutes stated in paragraph 21, as well as any other laws to which Plaintiff may be entitled to invoke and utilize, in order to sue Defendant for said actions and resulting damages.

## DAMAGES

23. As a result of the above actions by Defendant, Plaintiff has lost past and future wages and benefits of employment that Plaintiff received from Defendant. Further, Plaintiff has suffered pecuniary losses and past and future compensatory damages, including but not limited to, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

## PUNITIVE/LIQUIDATED DAMAGES

24. Defendant's wrongful actions in terminating Plaintiff's employment were done knowingly, intentionally, with malice and/or recklessly in violation of Plaintiff's state and federal protected rights; therefore, Plaintiff is entitled to recover punitive damages from Defendant under *Title VII* and the *Texas Labor Code*.

25. As to Plaintiff's claim for liquidated damages under the *ADEA*, it is alleged that Defendant committed the age discrimination *wilfully*, as that term is defined by the law and applied by the courts in regulating the *ADEA*.

## ADMINISTRATIVE PREREQUISITES

26. Plaintiff has satisfied all prerequisites to this suit, including exhausting all required administrative remedies. Plaintiff timely filed a complaint against Defendant with the Texas Workforce Commission-Civil Rights Division (TWCCRD), which is a joint filing with the Equal Employment Opportunity Commission (EEOC) based on their work sharing agreement, exhausted all administrative remedies, and all other conditions precedent to this suit have been performed or have occurred.

## INJUNCTION/EQUITABLE RELIEF

27. On a finding that Defendant has engaged in an unlawful practice(s), as alleged above, Plaintiff requests the Court to prohibit by injunction the Defendant from engaging in the unlawful employment practice(s) and order any and all additional equitable relief as may be appropriate as listed and set out in *Title VII and § 21.258 of the Texas Labor Code*. Plaintiff further requests reinstatement if reasonably possible under the circumstances at the time of the order.

## ATTORNEY'S FEES

28. Plaintiff had to employ one or more attorneys to vindicate her rights under the law, and seeks reasonable and necessary attorneys' fees.

## JURY DEMAND

29. Plaintiff hereby respectfully demands a trial by jury, which has already been timely demanded in the Texas state court suit, that was removed to this Court.

## PRAYER

WHEREFORE, Plaintiff requests that Plaintiff be awarded relief and damages, as stated above, including past and future lost compensation and benefits, past and future compensatory damages, punitive damages, liquidated damages, injunctive relief, reinstatement if reasonably possible, attorney fees, costs of court, and such other relief, both at law and in equity, as Plaintiff may be justly entitled.

                                              */s/ Danny C. Wash*
                                              **Danny C. Wash**
                                              Texas State Bar No. 20896000
                                              WASH & THOMAS
                                              Attorneys at Law
                                              6613 Sanger Ave.
                                              Waco, Texas 76710
                                              (254) 776-3611
                                              (254) 776-9217 - Fax Number
                                              Email- danwash@washthomas.com

                                              **Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been served on the attorney of record for Defendant, on this 22nd day of July, 2019 by means of the CM/ECF system of this Court.

                                              */s/ Danny C. Wash*
                                              Danny C. Wash